HUDSON NAVIGATION COMPANY, Appellant, *v.* UNION TRUST COMPANY OF ALBANY, NEW YORK, and Others, Respondents.

Third Department, May 8, 1918.

Mortgage — trust mortgage securing bonds issued to build steamboats — provision for sinking fund and withdrawals therefrom construed — when withdrawals from sinking fund will deplete security of mortgage.

A navigation company executed a trust mortgage securing bonds issued to enable it to build additional steamboats upon which the mortgage was to be a lien, the mortgage providing for a yearly payment into a sinking fund of a certain sum in money or bonds, the latter to remain uncanceled subject to redelivery to the mortgagor and reissuance by it. A portion of the bonds under the trust mortgage were to be issued either to retire bonds issued under a former plan for the purpose of completing two steamboats, or, in case such plan was abandoned, then to take the place and stead of the other bonds. As a matter of fact the previous plan was abandoned and the additional bonds under the trust mortgage were delivered to the navigation company, so in effect the mortgagor covenanted in the mortgage to use the proceeds of the new bonds in case of the non-issue of bonds under the former plan for the precise purpose of such other bonds, that is to say, the completion of the two steamboats.

*Held*, that the basic scheme was that in addition to a sum of money otherwise needed an additional sum should be raised to complete the vessels which should then be subject to the lien of the mortgage, so that the additional loan would be counterbalanced by an increase in the property of the company. Hence the mortgagor should not be allowed to withdraw the securities from the sinking fund upon the ground that it has completed one of the steamboats for such withdrawal would deplete the security of the mortgage.

APPEAL by the plaintiff, Hudson Navigation Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 10th day of April, 1917, dismissing the complaint upon the decision of the court after a trial before the court without a jury.

*Barber, Watson & Gibboney* [*Stuart G. Gibboney* and *Joseph Diehl Fackenthal* of counsel], for the appellant.

*Arthur L. Andrews*, for the respondent Union Trust Company.

*Thomas S. Fagan* for the respondents McCarthy.

*Merrill, Rogers & Terry* [*Edward Ward McMahon* of counsel], for the respondent Charles M. Englis.

H. T. KELLOGG, J.:

The Hudson Navigation Company on the 1st day of February, 1908, executed and delivered to a trustee a mortgage upon its wharves, vessels and other properties to secure the payment of an issue of 4,000 bonds of the par value of $1,000 each. The mortgage provided for the payment into a sinking fund, every year beginning with the year 1911, of the sum of $50,000 in money or bonds. Bonds so deposited were to remain uncanceled, subject to redelivery to the mortgagor, and reissuance by it. This redelivery could be had " solely to pay or provide for new or additional vessels, or real or personal property, or for extensions of or additions to or improvements of a permanent nature, to or upon the steamboats, barges and other vessels," etc., of the company, the actual cost of which should be at least twenty per cent in excess of the securities withdrawn. In pursuance of these provisions bonds and moneys to the extent of $257,271 have been paid into the sinking fund, and are now in the possession of the trustee. The mortgagor in this action seeks redelivery to it of these securities and moneys, claiming that it has expended more than that sum in completing the vessel known as the *Princeton* (now *Berkshire*) and is entitled to a withdrawal under the express terms of the sinking fund clause above quoted.

Third Department, May, 1918.          [Vol. 183.

The lien of the mortgage was specifically cast upon the *Princeton* and a steamboat called *Trojan,* which at the time were incomplete hulls.   Upon the former $500,000 had then been spent, and $600,000 has since been spent.   The mortgage provided for the execution and delivery to the trustee of further mortgages upon these vessels " when and as soon as the said steamboats shall respectively be completed."   Of the bonds to be issued under the mortgage 3,000 were for refunding and other purposes not material here. In relation to the remaining 1,000 the mortgage provided as follows:  " The Navigation Company covenants and agrees to use the said one thousand (1,000) bonds, viz., the aforesaid 300 bonds and the aforesaid 700 bonds, either for exchanging said bonds for bond payment certificates issued or to be issued by the Navigation Company under the terms of a circular letter of the Navigation Company to its stockholders, dated April 30, 1907, or to deliver said bonds in place of such bond payment certificates, or if the company shall deem it necessary to carry out the plan outlined in the said circular letter and to place the steamboats *Princeton* and *Trojan* under the lien of the mortgage described in said circular letter, then for exchanging par for par said 1,000 bonds or any part thereof secured by this mortgage for the bonds which may be issued under the mortgage described in said circular letter of April 30th, 1907."   It was further provided that the liens cast upon these vessels by the trust mortgage should, nevertheless, be subject to the lien of the mortgage securing 1,000 of bonds mentioned in the letter of April 30, 1907, provided the plan to place such a mortgage upon the steamboats *Princeton* and *Trojan* was carried out.   By referring to this letter we find that the Hudson Navigation Company then proposed to issue bonds to the extent of $1,000,000, which were to be secured by a mortgage on two additional steamboats to be acquired.   This letter refers to a resolution adopted at a stockholders' meeting held January 3, 1907.   By that resolution the stockholders authorized the company to issue bonds in the sum of $1,000,000 " and to sell and otherwise dispose of such bonds, and apply the proceeds thereof in payment or part payment of the cost of the construction of two additional steamboats to be

built for the company." That the steamboats referred to in this resolution and in the letter of April 30, 1907, were the *Princeton* and the *Trojan* is seen from a reading of the mortgage clause above quoted. It thus clearly appears that 1,000 of the bonds under the trust mortgage were to be issued either to retire bonds of a similar amount issued under a former plan for the purpose of completing the *Princeton* and *Trojan,* or in case such plan was abandoned, then to take the place and stead of such other bonds. The previous plan was in fact abandoned, and bonds under the trust mortgage to the extent of $1,000,000 were in fact delivered to the Hudson Navigation Company. Clearly the company under the mortgage covenant as to the new bonds promised to use the proceeds thereof, in case of the non-issue of bonds under the former plan, for the precise purposes of such other bonds, namely, the completion of the vessels *Princeton* and *Trojan.* Evidently the basic scheme of this financial operation was that in addition to $3,000,000 otherwise needed, $1,000,000 additional should be raised to complete two vessels which when completed would be subject to the lien of the mortgage, and thus an additional loan of $1,000,000 would be counterbalanced by an increase in the property of the company, to be held under the mortgage, to the extent of $1,000,000. Under these circumstances it would be absurd to allow the company to withdraw securities from the sinking fund on the ground that it has completed the *Princeton (Berkshire),* when in fact the money loaned, unless wrongfully diverted, was responsible for its completion. Otherwise an additional loan, to be secured by an additional property of equal value, instead of preserving the original balance between the remainder of the loan and its security, would have the effect of actually depleting that security through conferring a right to withdrawals from the sinking fund. Such an effect cannot be given to the provisions of this mortgage.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs.