Hudson Navigation Company, Appellant, *v.* The Union Trust Company of Albany, New York, and Others, Respondents. (Action No. 2.)

Third Department, March 14, 1919.

**Mortgages — trust mortgage securing bonds issued to build steamboat — complaint in action to recover payment from sinking fund to defray portion of expense of boat.**

A trust mortgage executed by a navigation company provided in effect that when said company had constructed a new vessel and had subjected it to the lien of the mortgage, free from all other liens or incumbrances, it should be entitled to call upon the trust company for not more than eighty per cent of the cost, if so much bonds and interest money had been deposited in the sinking fund, and if not, it was to be paid to the company so far as paid in, and the balance to be delivered when deposited.

A complaint in an action by the navigation company, commenced at a time when there was a sinking fund of $100,000, which alleges that the plaintiff had paid for the construction of a boat which it had placed under the mortgage; that the cost of said boat is not in excess of the fair value thereof, and that it is free from all liens and incumbrances except the mortgage in question, and which seeks to recover from the trust company eighty per cent of the cost of the boat to be paid from the bonds and interest moneys in the sinking fund, states a cause of action, and a judgment sustaining a demurrer interposed by bondholders should be reversed.

John M. Kellogg, P. J., and H. T. Kellogg, J., dissented.

Appeal by the plaintiff, Hudson Navigation Company, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 17th day of June, 1918, sustaining a demurrer interposed by the defendant bondholders to the complaint.

*Barber, Watson & Gibboney* [*Stuart G. Gibboney* and *Joseph Diehl Fackenthal* of counsel], for the appellant.

*Thomas S. Fagan,* for the respondents McCarthy and others.

*Arthur L. Andrews,* for the respondent trust company.

*Merrill, Rogers & Terry,* for the respondent Englis.

LYON, J.:

The plaintiff, as mortgagor, seeks the return to it by the Union Trust Company of Albany, N. Y., of bonds and interest moneys aggregating $443,996.51. It makes this claim because of its having expended $554,995.64 in the construction of a steamboat known as the *Rensselaer* which it has subjected by a mortgage to the Union Trust Company, of date October 20, 1909, pursuant to the provisions of a trust mortgage of February 1, 1908. The plaintiff seeks to have it adjudged that it is entitled to receive said sum, being eighty per cent of the cost of said steamboat, and that the defendant trust company pay and deliver to it the bonds and interest moneys in the sinking fund at the date of the entry of the judgment. Concededly at the time of the commencement of the action there was in the sinking fund $100,000 of bonds and certain interest moneys.

There is no demurrer by the defendant trust company. A demurrer was served by various bondholders who were allowed by the court to intervene. The Special Term held that the complaint did not state a cause of action against the Union Trust Company. From the interlocutory judgment entered thereon this appeal has been taken.

The fair construction of section 8 of the mortgage of February 1, 1908, is that when the plaintiff had constructed a new vessel and had subjected it to the lien of the mortgage, free from all other liens or incumbrances, it should be entitled to call upon the trust company for not more than eighty per cent of the cost, if so much bonds and interest money had been deposited in the sinking fund, and if not, to be paid to the plaintiff, so far as paid in, and the balance to be delivered when deposited. The facts alleged show that the plaintiff has paid for the property, which by the instrument of October 20, 1909, it has placed under the mortgage of February 1, 1908, and that the plaintiff has filed an affidavit stating such fact; and that such amount of $554,995.64 is not in excess of the fair value thereof; and that such property is free from any and all liens and incumbrances except that it has been subjected to the mortgage of February 1, 1908. It has also furnished the certificate of its counsel that the title to the steamboat is vested in the plaintiff, and has already

been subjected to the trust mortgage of February 1, 1908. The clause of section 8 providing that the plaintiff, where it had contracted to build a steamboat should file an affidavit stating that the bonds or interest moneys were necessary to enable it to make payments in accordance with the terms of such contract is not applicable to the facts stated.

The case differs from the former case (*Hudson Navigation Company* v. *Union Trust Company*, 183 App. Div. 192) in that this boat was not, as was the *Princeton,* one of the boats which was to be included in the mortgage to be issued in consideration of the original issue of bonds.

We think the complaint states facts sufficient to constitute a cause of action, and that the judgment of the Special Term should be reversed, with costs in this court and at Special Term, with leave to the defendants to withdraw the demurrer and answer upon payment of costs.

All concurred, except John M. Kellogg, P. J., and H. T. Kellogg, J., dissenting.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with the usual leave to the defendants to withdraw the demurrer and answer upon payment of costs.